```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        OCALA DIVISION
```

PAULINO GRANDA,

               Plaintiff,

vs.                                 Case No. 5:10-cv-551-Oc-29SPC

SCOTT MIDDLEBROOKS, Warden, FCC Coleman USP 1, Michael Pineiro, Mailroom Supervisor, FCC Coleman USP 1; Jeffrey Campbell, Attorney, FCC Coleman, USP 1; Harvey T. Lappin, Director BOP; Ray Holt, Regional Director Southeast Region; P. Doyle, Mailroom Officer, FCC Coleman, USP 1; E. Rodriguez, Mailroom Officer, Coleman, USP 1; and S. Dunlap, Mailroom Officer, FCC Coleman, USP 1,

               Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss (Doc. #38, Motion), filed May 23, 2012. Defendants attach exhibits in support of the Motion (Doc. #38-1, Def. Exhs. 1-3). Plaintiff filed a Second Amended Response in opposition to the Motion (Doc. #57, Response), with supporting exhibits (Pl. Exhs. B-D). This matter is ripe for review.

Plaintiff, a federal prisoner who was previously incarcerated at the federal correctional facility located in Coleman, Florida, initiated this action by filing a *pro se* Civil Rights Complaint pursuant to 28 U.S.C. § 1331 or § 1346 (Doc. #1, Complaint) against the above-named Defendants in their individual and official

capacities. Liberally construed, the Complaint alleges First Amendment and Due Process claims. See generally Complaint. More specifically, Plaintiff alleges that he was denied access to the courts and his mail was taken from him on three separate occasions: (1) on August 13, 2009, when the mail room "*sua sponte*" refused to accept eight pieces of Plaintiff's legal mail asserting commercial liens pursuant to the UCC and failed to provide Plaintiff with "Notification of Mail Rejection" as required by the Bureau of Prisons; (2) on November 6, 2009, when only seven of eight pieces of the same legal mail were mailed; and (3) on December 29, 2009, when Plaintiff mailed an envelope containing a pleading[1] seeking injunctive relief in the Southern District that was returned to Plaintiff with a letter from the court stating the envelope was empty when received. Id. at 8-12. Plaintiff seeks declaratory and injunctive relief, as well as $1,000,000.00 in compensatory damages and $3,000,000.00 in punitive damages. Id. at 21-22.

Defendants seek dismissal of Plaintiff's Complaint on the basis that Plaintiff has abused the judicial process by failing to completely disclose his prior federal litigation history in his Complaint. Motion at 4. In particular, Defendants point out that Plaintiff identified three previous civil cases he filed in federal

---

[1] Plaintiff identifies the pleading as a "Complaint for Mandatory Injunction and Temporary Restraining Order Removal of Bullet from the Plaintiff's Right Thigh and Temporary Restraining Order . . . " Complaint at 11, ¶23.

court but failed to identify two additional civil cases he filed prior to filing the instant Complaint: <u>Paulino Granda v. Richard Dugger, et. al</u>, case number 9:87-cv-12039, filed in the Southern District of Florida, and <u>Paulino Granda v. Janet Reno, et. al</u>, case number 2:98-cv-00018, filed in the Southern District of Georgia. <u>Id.</u> In the alternative, Defendants seek dismissal of Plaintiff's claims stemming from the incidents that occurred on August 13, 2009, and December 29, 2009, because Plaintiff did not exhaust his administrative remedies with respect to these two claims (Motion at 4-7); dismissal of all Defendants for claims in their official capacities based on sovereign and qualified immunity (Motion at 7-9); and, dismissal of all Defendants because Plaintiff has failed to state a constitutional violation (Motion at 10).[2]

**Dismissal Abuse of Judicial Process**

If the Court determines that the allegation of poverty is untrue, the action is frivolous, malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss the case <u>at</u> <u>anytime</u>. 28 U.S.C. § 1915(e)(2). Further "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal."

---

[2]Defendants also seek dismissal of Defendants Lappin and Holt on the basis of lack of personal jurisdiction. Motion at 3. The Court previously granted Plaintiff's motion to voluntarily dismiss Defendants Lappin and Holt. <u>See</u> January 9, 2013 order (Doc. #51).

Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)(citations omitted). Additionally, the Court may impose sanctions, including dismissal of an action, "if a party knowingly files a pleading that contains false contentions." Redmond v. Lake County Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011)(citing Fed. R. Civ. P. 11(c)); see also Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)(abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007))(affirming dismissal of action where litigant lied under penalty of perjury about the existence of other lawsuit as abuse of judicial process, finding that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of judicial process [was] precisely the type of strike that Congress envisioned when drafting section 1915(g)."). See also Hood v. Tomkins, 197 F. App'x 818, 819 (11th Cir. 2006)(affirming dismissal without prejudice by district court as Rule 11 sanction for Plaintiff's failure to disclose litigation history); Beaton v. Valverde, Case No. 12-11265 (11th Cir. June 29, 2012)(finding plaintiff's appeal of the district court's dismissal as a sanction for plaintiff's abuse of judicial process frivolous).

Here it is undisputed that Plaintiff did not accurately identify his complete prior litigation history. Complaint at 6-8. The questions on the complaint form are not ambiguous. Hood, 197 F. App'x at 819. Further, the complaint form contains the following warning:

> NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THE THIS CASE.

Id. at 6 (capitalization in original).

In his Response, Plaintiff states that he did not recall the 1987 case, does not have access to PACER, and that "he did not have information or documentation available in his possession" as to either the 1987 or 1998 cases identified by Defendants. Response at 6. Consequently, Plaintiff argues that "there is no way possible for Plaintiff to report to the Court information that he did have available." Id. Plaintiff attaches an Affidavit to his Response attesting to these allegations. See generally Pl. Exh. B.

Although Plaintiff claims not to have a memory of the 1987 case, Plaintiff does not make a similar claim as to the 1998 case. See generally Response and Pl. Exh. B. Instead, Plaintiff contends that because he did not have "information" about the 1998 case, he is excused from reporting it. Notably, Plaintiff did not state in his Complaint that he had an additional case but could not recall the specific information about the case. Instead, Plaintiff chose not to report the 1998 case. Upon further review, Plaintiff misrepresented the status of one of the actions that he did identify. In particular, case number 1:10-cv-20095 was not "still pending" in the Southern District at the time Plaintiff filed the instant action on October 21, 2010. Indeed, on May 11, 2010, case number 1:10-cv-20095 was transferred to the Ocala Division of the Middle District and was docketed in this Court at case number 5:10-

cv-198. Thus, at the time Plaintiff filed the instant action, Plaintiff had another case pending in this same court that he did not report. Additionally, although Plaintiff identified that case number 1:09-cv-20670 had been dismissed pursuant to 28 U.S.C. § 1915, Plaintiff did not indicate that he had appealed the decision with the Eleventh Circuit, who had affirmed the dismissal in case number 1:09-cv-20679 on July 30, 2010, also prior to Plaintiff filing the instant action.

The Court finds Plaintiff's failure to fully and accurately identify his litigation history was made knowing and intentional. Consequently, the Court finds that Plaintiff has abused the judicial process by failing to fully and accurately disclose his <u>entire</u> filing history. Further, the Court finds that the proper sanction for Plaintiff's abuse of the judicial process is dismissal of the action <u>without</u> <u>prejudice</u>. See, e.g., <u>Sill v. Marion County Jail</u>, Case No. 5:10-cv-204-Oc-29GRJ, 2010 WL 2367237 (M.D. Fla. June 13, 2010); <u>Crummie v. Veloz</u>, Case No. 10-23571-CIV-Ungaro, 2010 WL 5059560 (S.D. Fla. Nov. 10, 2010); <u>Paulcin v. McNeil</u>, Case No. 3:09-cv-151/LAC/MD, 2009 WL 2432684 (N.D. Fla. Aug. 6, 2009).

In the alternative, the Court finds the Complaint is nonetheless subject to dismissal pursuant to 42 U.S.C. § 1997(a). More specifically, the exhaustion doctrine bars two of Plaintiff's claims and his Complaint fails to state a claim upon which relief can be granted.

The Prison Litigation Reform Act, which amended The Civil Rights of Institutionalized Persons Act, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997(a) (emphasis added); see also Alexander v. Hawk, 159 F.3d 1321, 1325-28 (11th Cir. 1998)(holding that prisoner asserting Bivens claim must exhaust available administrative remedies). A prisoner must exhaust all available administrative remedies before filing an action in federal court. Woodford v. Ngo, 548 U.S. 81, 88 (2006); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Although prisoners are not required to plead exhaustion, Jones v. Bock, 549 U.S. 199, 216 (2007), "[t]here is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court." Id. at 211; see also Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). In order to exhaust, the inmate must comply with "all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90.

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven though a failure-to-exhaust defense is non-jurisdictional,

it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." Id. (footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raised in a motion to dismiss as a "matter of judicial administration." Id. at 1375. Thus, the court is permitted to look beyond the pleadings to decide disputed issues of fact in connection with the exhaustion defense. Id. at 1377, n.16.

Defendants assert that Plaintiff failed to properly exhaust his administrative remedies as to both the August 13, 2009, and December 29, 2009 incidents because he did not properly and fully exhaust either of the claims. Motion at 6. The Bureau of Prisons ("BOP") has an established administrative process. 28 C.F.R. § 542.10-§ 542.19. First, a prisoner may seek resolution of the issues informally. 28 C.F.R. § 542.13(a). If unsuccessful, a prisoner shall then file a BP-9 formal written complaint with the institution within twenty calendar days following the date on which the incident occurred. 28 C.F.R. § 542.14(a). Next, a prisoner must appeal the institution's decision by filing a BP-10 grievance with the Regional Director. 28 C.F.R. § 542.15(a). Finally, a prisoner must appeal the Regional Director's response by filing a BP-11 grievance with the central officer's General Counsel for the BOP. 28 C.F.R. § 542.15(a).

Defendants argue that Plaintiff only grieved the November 6, 2009 incident - - regarding the one missing piece of legal mail - - through the full grievance process.  Motion at 6.  In support, Defendants attach the Affidavit of a BOP's official and print out of the computerized records maintained by the BOP documenting Plaintiff's grievances.  Def. Exh. 2.  In response, Plaintiff argues that he did exhaust the December 29, 2009 incident and attaches exhibits in support of his position.  Response at 7-8; Pl. Exhs. B-D.  The exhibits submitted by Plaintiff indicate that Plaintiff submitted an informal grievance (BP-8) on February 1, 2010, which was received by staff on February 9, 2010.  Pl. Exh. B. Plaintiff received a response to his informal grievance (BP-81/2) stating that his "legal mail was sealed" when received and sent and that the Institution is not responsible "for the condition of mail once it has left the Institution's control."  Pl. Exh. C. Plaintiff submits a copy of the "appeal to the warden's offices," dated March 8, 2012, the formal grievance (B-9) that he claims he submitted.  Pl. Exh. D.  Plaintiff claims that, because he never received a response back to his formal grievance, he could not exhaust his administrative process.  Response at 8.

The computerized report generated by the BOP identifies 24 separate grievances submitted by Plaintiff.  Def. Exh. 3.  The report does not reflect that Plaintiff submitted a March 8, 2010 grievance concerning the empty envelope.  See generally id.

Plaintiff, however, did submit a grievance dated March 8, 2010, concerning the one piece of legal mail that he claims was confiscated when he mailed eight pieces of legal mail on November 6, 2009. Id. (Doc. #38-1 at 14). Plaintiff does not submit any proof that he actually submitted a formal grievance in connection with the December 29, 2009 incident. The exhibit submitted by Plaintiff does not contain a date-stamp indicating that it was received by BOP officials. See generally Pl. Exh. D. The Court finds the fact that computer printout which documents the other 24 grievances submitted by Plaintiff persuasive evidence that Plaintiff did not submit a B-9 with regard to the December 29, 2009 incident. Additionally, Plaintiff avers that he received notice that the envelope sent to the Southern District was empty on January 6, 2010, but acknowledges that he did not submit his formal grievance concerning the incident until March 8, 2010. Consequently, because the formal grievance was submitted past the BOP's twenty-day requirement for filing a formal grievance, the formal grievance was untimely.

Consequently, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to both the August 13, 2009 and December 29, 2009 incidents. Thus, in the alternative, the Court will grant Defendants' motion to dismiss with respect to their argument that Plaintiff failed to exhaust his administrative remedies as to the August 13, 2009 and December 29, 2009 incidents.

Finally, the Court finds that the Complaint fails to state a claim upon which relief can be granted with respect to any of the incidents. At the outset, Plaintiff's request for $1,000,000.00 in compensatory damages and $3,000,000.00 in punitive damages, which cannot be liberally construed as requesting nominal damages, are barred by 42 U.S.C. § 1997e(e), as Plaintiff makes not showing that he demonstrated a physical injury. See Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999). Further, Plaintiff's claims regarding the refusal of officials to mail his UCC liens and/or the loss of one of his legal mailings concerning a lien under the UCC are frivolous.

> The abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented. United States v. Talley, 2007 WL 2208811 at *1 n. 1 (N.D. Fla., July 27, 2007)(quoting Hardin v. Michigan Dep't of Corrections, 2007 WL 1975102, at *6 (W.D. Mich. Mar. 28, 2007)(collecting multiple cases, including United States v. Gordon, 2005 WL 2237640 (S.D. Ga. Aug. 25, 2005)(prisoner filed "facially absurd" liens and UCC financing statements designed to harass and intimidate government officials in the performance of their duties); United States v. Orrego, 2004 WL 1447954 (E.D.N.Y. June 22, 2004)(prisoner filed fraudulent liens against government officials); Ray v. Williams, 2005 WL 697041 (D. Or. Mar. 24, 2005)(prisoner engaged in fraudulent scheme by which he filed false UCC filings against government officials); United States v. Martin, 356 F. Supp. 2d 621 (W.D. Va. 2005)(prisoner filed fraudulent UCC financing statements naming himself as the secured party for a $108,000,000.00 debt owed him by various government officials); United States v. Brum, 2005 WL 1606584 (E.D. Tex. July 1, 2005)(prisoner filed fraudulent liens and UCC financing statements against the judge and prosecutor involved in his criminal conviction); Cooperwood v. McDonald, 2005 WL 1427718

(W.D. Mich. June 13, 2005)(prisoner filed a fraudulent lien against several judges and prosecutors); United States v. Stouder, 2005 WL 2715666 (M.D. Tenn. Sept. 2, 2005)(prisoner filed fraudulent UCC financing statements against government officials in the amount of $300,000,000.00)).

Moultrie v. Sec'y Fla. Dep't of Corr., 2010 WL 555559 (M.D. Fla. Feb. 10, 2010) (finding inmate's complaint alleging constitutional violations stemming from defendants failure to provide him access to wordprocessor to type his UCC claims frivolous). See also Monroe v. Beard, 536 F.3d 198, 208 (3d Cir. 2008)(affirming district court's finding that prison regulation banning UCC materials by inmates as contraband was constitutional).

Additionally, as to the UCC filings, Plaintiff cannot demonstrate a First Amendment access to court claim as such claims do not constitute a qualifying case. See Bounds v. Smith, 430 U.S. 817, 821022 (1977); Lewis v. Casey, 518 U.S. 343, 355 (1996). Nor does Plaintiff allege an actual injury with respect to his inability to mail out his UCC legal mail. Lewis, 518 U.S. at 349 (requiring that inmate "must show actual injury"). Additionally, Plaintiff's contention that he was denied due process in connection with the August 13, 2009 incident when mail officials *sua sponte* refused to accept his UCC mail without providing him with a notification as required by BOP regulations is without merit. Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000)(opining that penal officials failure to adhere to internal policies and procedure does not, by itself, constitute a constitutional

violation). Moreover, Plaintiff attaches to his Complaint evidence that he was afforded an opportunity to grieve the confiscation of the UCC mailings, was duly apprised of why the mailing were being confiscated, and was afforded an opportunity to appeal the findings. See Complaint, Exhs. A, B, E. Further, Plaintiff does not and cannot allege that he does not have an available post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); 28 U.S.C. § 2672.

With respect to Plaintiff's December 29, 2009 claim concerning the pleading he attempted to mail to the Southern District, the Court takes judicial notice that the docket of the Southern District reflects that Plaintiff subsequently filed the subject pleading. See case number 1:10-cv-20095[3] (Doc. #1, "Complaint for mandatory Injunction and Temporary Restraining Order Removal of Bullet from the Plaintiff's Right Thigh and Temporary Restraining Order" filed January 12, 2010). Further, Plaintiff cannot demonstrate that he was injured as a result of the delay in filing the pleading as Plaintiff eventually moved to voluntarily dismiss the case after it was transferred to this Court. See case number 5:10-cv-198 (Doc. #20, Plaintiff's motion to voluntarily withdraw case).

Based upon the foregoing, the Court finds that the UCC claims stemming from the August 13, 2009 and November 6, 2009 incidents

---

[3]As noted *supra*, the Southern District transferred this case to this Court.

are frivolous, or otherwise fail to state a claim upon which relief can be granted. Additionally, Plaintiff's access to court claim stemming from the December 29, 2009 incident fails to state claim upon which relief can be granted. Consequently, in the alternative, the Court grants Defendants' motion to dismiss on these grounds.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. #38) is **GRANTED** and Plaintiff's Complaint is <u>dismissed</u> <u>without</u> <u>prejudice</u> for abuse of the judicial process or, in the alternative, pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   18th   day of March, 2013.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record